MARCH TERM, 1920. 555

*94 N. J. L.* Asso. Rolling Mills v. Nat. Metal, &c., Co.

ASSOCIATED ROLLING MILLS, LIMITED, RESPONDENT, v. NATIONAL METAL STAMPING AND MANUFACTURING COMPANY, APPELLANT.

Submitted March 22, 1920—Decided June 14, 1920.

On appeal from the Supreme Court.

For the respondent, *Jacob L. Newman* (*Lionel F. Kristeller* on the brief).

For the appellant, *David H. Bilder.*

PER CURIAM.

In view of the elaborate argument made in behalf of the appellant, we think it well to add to what was said by the Supreme Court. The stress of appellant's argument is upon the idea that it was not in contemplation of the parties at the time of the contract that the plaintiff would have the articles called for made by other manufacturers and thus secure the advantage of their cheaper methods. The appellant seems to think that the plaintiff was bound to manufacture the articles itself though it might cost more than they were to receive from the defendants. The appellant must have been extraordinarily ignorant of human nature if it did not in fact contemplate that the plaintiff would seek the cheapest possible way of fulfilling its contract. If it did not contemplate that, it must be held bound in law to contemplate that the plaintiff would pursue the course usual with prudent business men, which comes to the same thing. These views dispose of many of the grounds of appeal.

The motions to nonsuit and to direct a verdict could not prevail. Some goods were delivered for which plaintiff might properly ask for a verdict, and there was evidence of a breach by the defendant for which the plaintiff might properly ask damages.

556 COURT OF ERRORS AND APPEALS.

Asso. Rolling Mills v. Nat. Metal, &c., Co. *94 N. J. L.*

As to the complaints of rulings on evidence we find no error. The letters from Callender, president of the plaintiff company, to the defendant were of course admissible, not as proving the statements therein contained, but as statements made directly to the defendant; their value in favor of the plaintiff depended upon the attitude taken by the defendant with reference to them. The use of the memorandum by Callender is within the rule of *Meyers* v. *Weger,* 62 *N. J. L.* 432, and *More-Jones Glass Co.* v. *West Jersey and Seashore Railroad Co.,* 76 *Id.* 708. It was no error to exclude the inquiry of Callender, "Why didn't you bid on this contract yourself with the navy?" It is suggested that his credit or pecuniary resources might have prevented him from bidding. Even if that were so, it would not tend to show anything bearing on any issue in the present cause. He might be all the more willing or even compelled to contract with the defendants or with the Drapery Hardward Manufacturing Company or the Garland Nut and Rivet Company. In view of the provisions of the contract, the admission of testimony as to inspection by the naval authorities was proper. Conversations with Kruttschmitt were properly excluded. We find nothing else that calls for remark.

The judgment is affirmed, with costs.

*For affirmance*—SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, JJ. 10.

*For reversal*—None.